**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM BALLARD,<br><br>Plaintiff,<br><br>v.<br><br>CVENT HOLDING CORP., RAJEEV K. AGGARWAL, DAVID BREACH, JIM FRANKOLA, BETTY HUNG, MARCELA MARTIN, SAM PAYTON, MANEET S. SAROYA, and NICOLAS STAHL,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Ballard ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Cvent Holding Corp. ("Cvent" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Blackstone Inc. ("Blackstone").[1]

2. On March 14, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with affiliates of Blackstone, Capstone Borrower, Inc. ("Parent")

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

and Capstone Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders will receive $8.50 per share of Cvent common stock in connection with the Proposed Transaction.[2]

3. The Company's corporate directors subsequently authorized the May 3, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

---

[2] In connection with the Proposed Transaction, on March 14, 2023, the Company's largest stockholder Vista Equity Partners Management, LLC ("Vista") and its affiliates (collectively, the "Vista Stockholders"), which collectively own approximately 81% of the Company's outstanding shares, entered into a commitment letter (the "Preferred Commitment Letter"), pursuant to which the Vista Stockholders have agreed to provide financing to Parent (the "Preferred Equity Financing") in exchange for preferred equity in Parent. Specifically, pursuant to the Preferred Commitment Letter, the Vista Stockholders will invest a portion of their proceeds from the merger consideration to acquire non-convertible preferred shares with an initial liquidation preference of $1,250,000,000, to be issued by Capstone TopCo, Inc., the indirect parent company of Parent. The closing of the Preferred Equity Financing is expected to occur substantially concurrently with the consummation of the Proposed Transaction.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for June 1, 2023.

material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.     Plaintiff is, and has been at all times relevant hereto, the owner of Cvent common stock.

10.     Defendant Cvent is a Delaware corporation with its principal executive offices located at 1765 Greensboro Station Place, 7th Floor, Tysons, Virginia 22102.  Cvent's shares trade on the Nasdaq Global Market under the ticker symbol "CVT."  Cvent provides a cloud-based enterprise event marketing, management, and hospitality platform for marketers, meeting, and event planners in North America and internationally.  The Company offers Event Cloud solutions consisting of event marketing and management solutions that enable marketers

and planners to maximize engagement and return on investment from their virtual in-person or hybrid events. Cvent also provides Hospitality Cloud solutions, offering hotels, venues, and destinations with online marketing solutions for marketing their events business to planners, and software solutions that automate the events sales cycle and enhancing collaboration with planners to design and manage events. It also provides hospitality cloud online marketing solutions, which enables suppliers to advertise and market on venue sourcing networks, hospitality cloud software solutions, and venues software solutions.

11. Defendant Rajeev K. Aggarwal is the Company's Founder and is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant David Breach ("Breach") is and has been a director of the Company at all times relevant hereto. Defendant Breach is also the President and Chief Operating Officer of Vista.

13. Defendant Jim Frankola ("Frankola") is and has been a director of the Company at all times relevant hereto. Defendant Frankola is also a member of the Special Committee.

14. Defendant Betty Hung ("Hung") is and has been a director of the Company at all times relevant hereto. Defendant Hung is also a managing director at Vista.

15. Defendant Marcela Martin ("Martin") is and has been a director of the Company at all times relevant hereto. Defendant Martin is also a member of the Special Committee.

16. Defendant Sam Payton ("Payton") is and has been a director of the Company at all times relevant hereto. Defendant Payton is also a Vice President in Vista's Flagship Fund.

17. Defendant Maneet S. Saroya ("Saroya") is and has been Chairman of the Board and a director of the Company at all times relevant hereto. Defendant Saroya is also a senior

managing director of Vista and Co-Head of the Vista Flagship Fund and sits on the Vista Flagship Funds' Investment Committee.

18. Defendant Nicolas Stahl ("Stahl") is and has been a director of the Company at all times relevant hereto. Defendant Stahl is also a Senior Vice President of Vista.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On March 14, 2023, the Company announced in relevant part:

**Tysons, Va. – March 14, 2023** – Cvent Holding Corp. ("Cvent") (Nasdaq: CVT), an industry-leading meetings, events and hospitality technology provider, today announced that it has entered into a definitive agreement to be acquired by an affiliate of private equity funds managed by Blackstone ("Blackstone") in a transaction valued at an enterprise value of approximately $4.6 billion.

Under the terms of the agreement, Cvent stockholders will receive $8.50 per share in cash, representing a premium of 52 percent to the volume weighted average share price over the 90 days prior to January 30, 2023 – the day before media reports of a potential transaction were published. A wholly owned subsidiary of the Abu Dhabi Investment Authority (ADIA) will be a significant minority investor alongside Blackstone as part of the transaction.

Cvent's comprehensive suite of technology solutions powers the entire event management process to maximize the impact of events. Cvent has approximately 22,000 customers globally in the corporate, non-profit, higher education and hospitality sectors as of December 31, 2022. Since its founding in 1999, Cvent has helped manage more than 5 million events, and lists over 302,000 hotels and venues as of December 31, 2022 on the Cvent Supplier Network, an online platform with tools to search, negotiate and contract with hotels and venues for event space.

"We are excited to share this announcement and look forward to our next chapter alongside the Blackstone team," said Reggie Aggarwal, founder and CEO of Cvent. "As one of the world's largest private equity firms, Blackstone brings deep expertise in the event and hospitality industry, and with their backing, we

plan to continue to invest in our business and deliver the innovative solutions that meet our customers' needs and power the meetings and events ecosystem."

David Schwartz, a Senior Managing Director at Blackstone, said: "The continued events and travel recovery is one of Blackstone's highest-conviction investment themes.  Given our extensive experience in the hospitality, events and real estate sectors, we believe Blackstone is well positioned as a growth partner for this exceptional business."

Martin Brand, Head of North America Private Equity and Global Co-Head of Technology Investing at Blackstone, added: "Cvent is an industry leader and we are excited to partner with their management team to continue the firm's innovation and deliver world-class technology solutions to customers in the event and hospitality space."

In connection with the transaction, Vista Equity Partners ("Vista"), a leading global investment firm focused exclusively on enterprise software, data and technology-enabled businesses, and majority stockholder of Cvent, has agreed to invest a portion of its proceeds as non-convertible preferred stock in financing for the transaction.

"Since Vista first invested, Cvent has undertaken considerable business transformation and has been a testament to how we partner with founders like Reggie to help their businesses scale and thrive," said Monti Saroya, Chairman of the Cvent Board of Directors, Co-Head of the Vista Flagship Fund and Senior Managing Director.  "The newly digitized events landscape, coupled with Cvent's strong existing customer base and commitment to innovation, has provided a new growth vector in a post-COVID world.  We look forward to seeing the company continue to execute on the opportunities ahead of it."

**Certain Terms, Approvals and Timing**

Following the recommendation of a special committee composed entirely of independent and disinterested directors, the Cvent Board of Directors unanimously approved the merger agreement.  The transaction is expected to close mid-year 2023, subject to the satisfaction of customary closing conditions, including receipt of approval by Cvent's stockholders and required regulatory approvals.  Upon completion of the transaction, Cvent's common stock will no longer be publicly listed, and Cvent will become a privately held company.

Blackstone has received a fully committed $1.0 billion credit facility as part of the financing of this transaction.

**Advisors**

Qatalyst Partners is acting as financial advisor to Cvent, and Kirkland & Ellis LLP is acting as legal counsel to Cvent.

J.P. Morgan Securities LLC is acting as financial advisor to the Special Committee, and Goodwin Procter LLP is acting as legal counsel to the Special Committee.

Simpson Thacher & Bartlett LLP is acting as legal counsel to Blackstone, and Evercore, Morgan Stanley & Co. LLC and UBS are acting as financial advisors to Blackstone.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on May 3, 2023  The Proxy Statement, which recommends that Cvent stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Cvent's financial projections; and (b) the financial analyses underlying the respective fairness opinions performed by the Company's financial advisor, Qatalyst Partners LP ("Qatalyst"), and the financial advisor to the special committee of the Board (the "Special Committee"), J.P. Morgan Securities LLC ("J.P. Morgan").[4]

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

22. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company.  With respect to Cvent management's "December Projections," "Supplemental Free Cash Flow Projections," "Updated Free Cash Flow Projections," "January Projections," and "February Projections," for example, the Proxy

---

[4] Qatalyst and J.P. Morgan collectively will be referred to herein as the "Financial Advisors."

Statement fails to disclose the line items underlying the Company's forecasted Adjusted EBITDA and Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning the Financial Advisors' Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning the Financial Advisors' respective financial analyses.

24. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Qatalyst, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (b) the Company's fully diluted outstanding shares.

25. With respect to *Selected Companies Analysis* and *Selected Transactions Analysis* performed by Qatalyst, the Proxy Statement fails to disclose the respective individual financial metrics of the companies and transactions observed.

26. With respect to *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the terminal year estimate of unlevered free cash flow; and (c) the Company's fully diluted outstanding shares.

27. With respect to the *Public Trading Multiples* analysis and *Selected Transaction Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective individual financial metrics of the companies and transactions observed.

28. With respect to the *Analyst Price Targets* analysis performed by J.P. Morgan, the Proxy Statement fails to disclose: the individual price targets observed and their sources.

29. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Qatalyst Partners," and "Opinion of J.P. Morgan"

sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cvent**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Cvent is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Cvent within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cvent and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A. Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 16, 2023        **LONG LAW, LLC**

             By: */s/ Brian D. Long*
               Brian D. Long (#4347)
               3828 Kennett Pike, Suite 208
               Wilmington, DE 19807
               Telephone: (302) 729-9100
               Email: BDLong@LongLawDE.com

               *Attorneys for Plaintiff*